IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**HIGINIO MENDOZA, JR.**         )
                                 )
       Plaintiff,           )
                                 )
  vs.                            )   2:10cv709
                                 )   Electronic Filing
                                 )
**LIBERTY MUTUAL GROUP**         )
                                 )
       Defendant.           )

**MEMORANDUM AND**
**ORDER OF COURT**

Higinio Mendoza, Jr. ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to establish that agents of the defendant slandered and defamed plaintiff in order to single him out for termination, in violation Title VII and other civil rights acts. See generally Complaint (Doc. No. 1-1) at ¶ 4. Plaintiff claims that he entered into a contract with defendant as an independent contractor which was to last for 2 years. Id. at ¶¶ 5-6. Plaintiff was "the only one of his race to work and service the defendant" in the Pittsburgh area. Id. at ¶ 7. Plaintiff prays for a money judgment in excess of $25,000.00. Id. at Addendum Clause. No further information is provided.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine

whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2]  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  The court finds plaintiff to be without sufficient funds to pay the required filing fee.  Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted.  It is well settled that Title VII applies to an employer/employee relationship and not those of an independent contractor.  See Brown v. J. Kaz, Inc., 581 F.3d 175, 179-80 (3d Cir. 2009) (The plaintiff's claim of race discrimination could not proceed under Title VII where the plaintiff was an independent contractor and not an employee.).  It likewise is hornbook law that a defendant must be acting under color of state law before he or she can violate the civil rights of another.  See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (A cause of action under §1983 has two elements: a plaintiff must prove (1) a violation of a right, privilege or immunity secured by the constitution and laws of the United States (2) that was committed by a person acting under color of state law.); Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997) (same); Berg v. City of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) ("The Plaintiff must

---

[2] This provision is now codified at §1915(e)(2)(B)(i).

demonstrate that a person acting under color of law deprived him of a federal right."). The complaint is devoid of any basis to infer or assume that a state actor was involved in the actions of which plaintiff complains.

It follows that the complaint is grounded in indisputably meritless legal theory. Accordingly, the following order is appropriate.

### **ORDER**

AND NOW, this 30th day of September, 2013, for the reasons set forth in the memorandum above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.** The Clerk of Court shall file plaintiff's complaint; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is, **DISMISSED** for failure to state a claim. The clerk of court shall mark the case closed.

    s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Higinio Mendoza, Jr.
14 West. Bellecrest Avenue
Pittsburgh, PA 15227